ALBERT LESHEM,

*vs.*

PHILIP LESHEM.

*New Castle, January 26, 1949.*

*Joseph Donald Craven,* for plaintiff.

*Joseph Handler,* for defendant.

SEITZ, Vice-Chancellor: Defendant has moved to dismiss plaintiff's complaint seeking to require the defendant to transfer a retail liquor business to the plaintiff pursuant to their alleged oral agreement.

Since this is the decision on the defendant's motion to dismiss the complaint, the allegations of the complaint must be taken to be true. The complaint shows that the plaintiff and the defendant are brothers. In April 1939 the plaintiff had agreed to purchase a retail liquor business from the owner of the business for the sum of $2,300. The plaintiff and his brother Max Leshem asked the defendant whether he would be willing to lend the plaintiff $2,300. The complaint then alleges that the plaintiff and defendant entered into an oral agreement about May 1, 1939. The alleged agreement provided:

"* * * the plaintiff agreed to allow the defendant to purchase the

said business in his place and stead and the defendant agreed to purchase the said business in his own name and for his own use under the following conditions:

"That the plaintiff was to work in the said business as an employee of the defendant, until such time as from the profits of the business the defendant would be repaid the Twenty-Three Hundred Dollars ($2,300) which he had advanced to purchase the business, at which time the defendant was to convey the said business to the plaintiff."

It is alleged that the defendant purchased the business and secured a retail liquor license for the business about May 9, 1939. In attempting to make the business a success and to enable the plaintiff to purchase the business in accordance with his agreement with the defendant, the plaintiff gave his full time to the business from 1939 until May of 1943. The complaint then sets forth the small compensation received by plaintiff "as an employee", for the years from 1939 until May of 1943. It is alleged that the plaintiff worked long hours for small wages in order that the business might produce sufficient profit to repay the defendant the $2,300 "which he had advanced to purchase the business." In May of 1943 plaintiff and defendant were requested to get into essential work, and after a discussion it was agreed that the defendant should look after the business and the plaintiff should go into essential work. Even during this period from May of 1943 until July of 1944, when plaintiff was in essential work, he worked part time in the business. It is alleged that during the period from September 1939 to April of 1942 "the money expended by the defendant to purchase the business was re-paid to the defendant." Various reasons are set forth for the delay in filing the complaint after April of 1942—the date when the defendant was allegedly under a duty to convey the business to the plaintiff. On numerous occasions during this period plaintiff demanded that the defendant comply with the oral agreement, but the defendant at all times refused to comply. Plaintiff prays that a decree issue ordering the defendant to convey the business to the plaintiff,

and requiring the defendant to execute all papers necessary to facilitate the acquisition of a license by plaintiff from the State Liquor Commission.

The defendant has moved to dismiss the complaint on several grounds. The first ground of the defendant's motion to dismiss follows:

"The oral agreement or contract which plaintiff seeks to enforce violates the provisions of the Liquor Control Act of the State of Delaware, and is therefore illegal, void and against the public policy, to wit:

"The said alleged oral agreement or contract contemplated that the defendant, Philip Leshem, should take out in his own name and not in the name of the real owner, a license for the sale of alcoholic liquors."

*Paragraph* 6158(2) c. of the *Revised Code of Delaware* 1935, being a part of The Liquor Control Act, provides:

"The Commission shall cancel every license made use of on behalf of any 'person' other than the one to whom or on behalf of whom it has been issued."

The legal effect of certain provisions of The Liquor Control Act was considered by thos court in *Eisenman v. Seitz*, 26 *Del. Ch.* 185, 25 *A.* 2d 496, 498. In that case plaintiff claimed that he and defendant entered into an oral partnership agreement to carry on a retail liquor business. The retail liquor license was taken in the defendant's name alone. The defendant resisted plaintiff's suit for an accounting on the ground that the alleged oral agreement was illegal because the alleged agreement contemplated that the license was to be taken out only in the defendant's name. The court, speaking through then Vice-Chancellor Pearson, said:

"By the terms of the present agreement, the partners 'were to engage in the business of retailing wines and spiritous liquors', and instead of obtaining a license authorizing the *partnership* so to do, Philip 'was to take out a license * * * in his own name, and run the business as the apparent owner, but in fact for the joint partnership account'. Hence, to carry out the partnership agreement would re-

quire that a 'person' not the holder of a license should buy and sell alcoholic liquor; that a license issued by the Commission should be used on behalf of a 'person' other than the one to whom or on behalf of whom it was issued; and further, it is implicit in the agreement that the individual who should apply for a license intended to be used on behalf of the partnership, should not make a declaration of the intent so to use it. In these particulars, the agreement called for violations of the Act."

The Vice-Chancellor concluded that the finding of such illegality rendered the agreement unenforceable even for accounting purposes. He indicated that to reach any other conclusion would amount to enforcing a contract which violated the law of this State.

Plaintiff here contends that the principles embodied in the decision in *Eisenman v. Seitz, supra,* are not in point because of the terms of the contract now before this court. Plaintiff says that under the present contract the defendant *owned* the business until the earnings were sufficient to repay defendant for the money advanced by him to buy the business. He argues, consequently, that the agreement did not violate The Liquor Control Act, *Rev. Code* 1935, § 6130, *et seq.,* and particularly the provisions which contemplate that the license shall only be used by or on behalf of the person to whom it is issued, because under the contract the license was being used by the defendant as the sole owner. Let us look at the alleged agreement.

Under the terms of the alleged agreement, the defendant was under a duty to use the net profits to reimburse himself for the money he had advanced to purchase the business. Obviously the interest of the plaintiff in the business did not suddenly spring up when the defendant was finally reimbursed in full. Plaintiff's interest in the business increased each time the defendant received a payment on account. The last payment merely required the defendant to convey the business. Thus, when the defendant originally took title, subject to the condition of the alleged agreement, he was in effect merely taking title as a security device. The

substantial effect of the agreement must control and not mere terminology. Under the alleged agreement plaintiff was the equitable owner, regardless of the fact that he describes himself as an "employee."

Under the agreement the defendant purchased the business for plaintiff and merely took title to secure his advance. Since the agreement contemplated that the license was to be used for that purpose, it meant that the license was to be "made use of on behalf of * * * [a] 'person' other than the one to whom * * * it has been issued." The agreement, therefore, violated The Liquor Control Act with the consequence, as indicated in *Eisenman v. Seitz, supra,* that this court will not entertain a suit which has for its purpose the enforcement of the provisions of the illegal agreement. The motion to dismiss the complaint on the ground discussed will be granted. It is unnecessary to consider the other grounds advanced.

An order accordingly will be advised on notice.