DELLA CORPORATION, a corporation of the State of Delaware, Defendant Below, Appellant, v. JOHN DIAMOND, t/a The Flagship Restaurant, Plaintiff Below, Appellee.

(*May* 26, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Arthur J. Sullivan,* (of Morris, James, Hitchens & Williams), for appellant.

*Victor F. Battaglia,* (of Theisen and Lank), and *Sotiere Kapsalis,* for appellee.

Supreme Court of the State of Delaware. No. 103, 1964.

WOLCOTT, Chief Justice.

This is an appeal from a judgment of the Superior Court declaring an agreement to operate a bar and restaurant to be illegal and void; awarding damages to the plaintiff, and denying to the defendant any compensation for the use of certain premises for a period of time. The defendant below appeals.

The defendant, Della Corporation, is the owner of the De La Warr Hotel situated near Wilmington. In April, 1962, it entered into an agreement with the plaintiff, Diamond. The agreement in form is a managerial agreement under which Diamond agreed to manage and operate Della Corporation's restaurant and bar business located in its

hotel. Diamond agreed to pay Della Corporation $700 per month "representing a percentage of the gross revenue from the operation of the restaurant and bar." The balance of monthly operating revenues after the payment of the $700 per month was to be retained by Diamond after paying the expenses of operating the business. Diamond also agreed to deposit with Della Corporation $8,000 in cash as security for faithful performance on his part.

Della Corporation agreed to make available to Diamond the necessary space and equipment, to pay for all alcoholic beverages purchased for resale upon the premises, and to maintain general supervision and control over the purchase and sale of alcoholic beverages.

Diamond agreed to operate the bar and restaurant business serving a minimum number of meals; to provide management services; to pay all salaries, and further agreed, in the purchase of any new equipment to be purchased on time, to give written notice to Della Corporation.

At the hearing the evidence disclosed, and it was found by the trial judge to be the fact, that Diamond operated the restaurant and bar in violation of 4 *Del. C.* Sec. 561(a) prohibiting the use of any license to sell alcoholic beverages by anyone other than the person to whom it was issued. It appeared from the evidence that in fact Diamond placed all orders for liquors; received the same, and furnished the cash to Della Corporation which, in turn, paid the bills to the wholesalers. In point of fact, the liquor license under which Diamond was operating the bar was issued in the name of Della Corporation.

Upon advice of counsel that the agreement was illegal, and because of the refusal of Della Corporation to disclose to him the whereabouts of the $8,000 deposit, Diamond refused to make further monthly payments of $700.

As a result of the ensuing dispute, Diamond was evicted from the premises and prevented from removing any fixtures, equipment, food

and alcoholic beverages.

Ultimately a judgment was entered in favor of Diamond for the following items:

| | | |
|---|---|---|
| (a) | For liquor left on premises | $ 1,217.70 |
| (b) | Representing Security Deposit | 8,000.00 |
| (c) | Representing interest at rate of 4% since April 6, 1962 | 720.00 |
| (d) | Carpeting | 1,500.00 |
| (e) | Paneling | 1,250.00 |
| (f) | Desk | 69.00 |
| | | $12,756.70 |

Della Corporation was credited with the following items:

| | | |
|---|---|---|
| (a) | On account of rent | $ 2,100.00 |
| (b) | On account of liquor bills | 1,470.29 |
| (c) | On account of repairs | 1,050.88 |
| (d) | For cleaning | 370.00 |
| | | $ 4,991.27 |

Della Corporation in this appeal raises only the following questions:

1.  The validity of the agreement between it and Diamond;

2.  The right of Diamond to remove certain carpeting and paneling installed;

3.  The right of Della Corporation to receive $700 under the agreement for the month of May, 1963, for part of which Diamond had possession of the premises.

We take up the questions stated in that order, and will refer, when necessary, to additional facts.

Despite the form of the agreement entered into between Della Corporation and Diamond which casts it in the guise of a mangerial contract under which Diamond was to operate the restaurant and bar as the employee of Della Corporation, we are of the opinion that the evidence produced at trial demonstrates the form of the agreement to be a sham. The actual method of operating the restaurant and bar clearly discloses that Diamond operated independently of Della Corporation as its tenant.

Furthermore, Diamond had been issued no license by the Alcoholic Beverage Control Commission to purchase and sell alcoholic beverages. He in fact for this purpose used the license theretofore issued to Della Corporation. This circumstance is in direct violation of 4 *Del. C.* Sec. 561(a) prohibiting the use of a license by anyone other than the one to whom it is issued.

Under this circumstance, therefore, the method under which Diamond operated the bar and Della Corporation leased it to him was illegal under Delaware law. The method chosen by the parties being in violation of the public policy as laid down in 4 *Del. C.* Sec. 561(a), its illegality cannot be cured by a fictitious form of agreement. Furthermore, one party to such an agreement may not seek the aid of a court to hold the other responsible under it. *Eisenman v. Seitz,* 26 Del. Ch. 185, 25 A.2d 496; *Leshem v. Leshem,* 31 Del. Ch. 37, 63 A.2d 673, and *E. A. Strout Co. v. Howell,* 4 Boyce 31, 85 A. 666.

Under the cited authorities, therefore, it is plain that neither Della Corporation nor Diamond may seek to hold the other responsible by reason of any term of the illegal agreement, since it is against the public policy of this State to permit its courts to enforce an illegal contract prohibited by law. Ordinarily, we think, when such is the fact, neither party has a remedy to any extent against the other.

In the case before us, however, certain items of damage were allowed in favor of each party. Neither party has appealed from some of these items. Since this amounts to a mutual agreement that each is entitled to the items not contested before us, we will not disturb

these awards, though it amounts to a partial enforcement of a void agreement. We think, therefore, that with respect, for example, to the $8,000 deposit; the value of the liquor left on the premises; the interests allowed, and the value of the desk left on the premises, all of which were allowed to Diamond and are not contested by Della Corporation, we are not concerned with the propriety of these allowances.

Similarly, with respect to the total credit of $4,991.27 allowed to Della Corporation we are not concerned since no appeal with respect to these items has been taken by Diamond.

With respect, however, to the allowance to Diamond of the total of $2,750 representing the value of the carpeting and paneling installed by him on the premises and left on the premises when he was evicted, an appeal has been taken by Della Corporation.

Della Corporation argues that since the paneling was affixed to the walls of the restaurant, and since the carpeting was cut to fit the various spaces in the restaurant, both items thereby became fixtures to the real estate and could not be removed by Diamond. Accordingly, it is argued, he is entitled to no allowance for their value.

On the other hand, Diamond argues that the two items did not in fact become fixtures but remained his chattels since he purchased them and had them installed, and that the manner of installation was not sufficiently permanent to make them fixtures to the real estate.

In *Warrington v. Hignutt,* 3 Terry 274, 31 A.2d 480, the Superior Court laid down the rules governing the determination of whether or not a chattel installed upon real estate became in law a fixture or remained a chattel with the subsequent right of removal. The prime consideration to determine whether or not a chattel becomes a fixture is the intention of the party making the annexation and, also, whether or not the chattel has been so affixed that it cannot be removed without serious damage to the realty or to the chattel, itself.

We think the Warrington case establishes the proper rule in this respect. We think further that the very nature of these chattels and their installation indicated that at the time they were installed Diamond intended them to be permanent additions to the premises. The very cutting and fitting of the paneling and the cutting of the carpeting into peculiar shapes to fit the furniture and equipment in the restaurant is a further indication of this. Furthermore, it seems clear to us that whether or not permanent damage would be done to the realty by the removal of these chattels, certainly, they, themselves, would be seriously damaged in the course of such removal.

We consequently hold that the Superior Court committed error in ruling that the carpeting and paneling remained chattels subject to removal by Diamond and for which he was entitled to damages. This portion of the judgment below will therefore be reversed.

Finally, Della Corporation claims that a further allowance to it should have been made of the sum of $700 representing the monthly payment Diamond was obligated to make under the agreement for the month of May, 1963.

As we have pointed out heretofore, the agreement in question is illegal and, such being the case, the courts of this State will aid neither party to enforce rights under it. Consequently, the Superior Court was correct in disallowing the claim for an additional month's payment at the rate of $700 per month. There was no showing as to the fair rental value of the premises.

For the foregoing reasons, the judgment below is affirmed, except that the allowance of $1,500 for carpeting and $1,250 for paneling to Diamond is disallowed.