**ROLLINS CABLEVUE, INC., a Delaware Corporation, Appellant,**

v.

**George A. McMAHON et al. (the Board of Assessment Review of the Department of Finance of New Castle County, Delaware), Appellees.**

Superior Court of Delaware,
New Castle County.

Submitted April 13, 1976.

Decided July 12, 1976.

\* \* \* \* \*

Richard L. Sutton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellant.

Joseph M. Bernstein, Wilmington, atty., New Castle County Public Building, for appellees.

TEASE, Judge.

This is an appeal from a decision of the New Castle County Board of Assessment Review, which decision upheld the assessment of appellant's television cable system for taxation as real property. The assessed property is a comprehensive television cable system, owned by appellant Rollins Cablevue, Inc. ("Cablevue") and operated by it throughout New Castle County. The system contains about 190 miles of trunk cable, 630 miles of feeder cable, and 33 miles of undergound cable. The assessment appealed from is a so-called "supplemental assessment", made pursuant to 9 Del.C. § 8338 *et seq.*, covering the period from July 1, 1975 through June 30, 1976.

Several issues are raised in this appeal. The first is whether appellant's television cable constitutes "real property" so as to be subject to assessment and taxation. The second is whether part or all of the assessment was invalid because of the alleged failure of the County to follow the procedural steps prescribed by statute for a supplemental assessment. Finally, if it is found that the cable is assessable as real property and the proper procedural steps were followed, appellant contests the value at which its cable was assessed.

The question of whether appellant's television cable may be assessed and taxed as real property is controlled by 9 Del.C. § 8101 and 9 Del.C. § 8102, which provide as follows:

§ 8101. "All *real property* situated in this State shall be liable to taxation and assessment for public purposes by the county in which the property is located, except as otherwise provided in this chapter."

§ 8102. "No county or other political subdivision of the State shall levy, assess or collect any tax upon personal property, whether tangible or intangible.

This section shall not be construed as having any effect upon any lands held under lease or demise or upon any buildings, improvements, equipment, or structures of any nature made or erected upon lands so held under lease or demise, or upon any poles or wires maintained thereon other than for enclosing lands."

These sections have been amended, effective March 30, 1976. As amended, 9 Del.C. § 8101 now sets forth a detailed definition of real property, in addition to the language contained in its original form. The amended version of § 8101 contains the following additions:

"(b) Real property all of which shall be taxed at the same rate, shall consist of the following:

(1) Land;

(2) Buildings;

(3) Improvements; and

(4) Special betterments.

(c) Impovements shall mean annexations to land other than buildings which increase the market value of the land when used for general purposes permitted by law, or annexations to buildings which increase the market value of the buildings when used for general purposes permitted by law.

(d) The taxation and assessment of lands, buildings and improvements shall exclude the value of any annexation and other addition to lands other than buildings and the value of any annexation and other addition to buildings or improvements, to the extent its use is limited primarily to a particular trade, business, occupation, profession, industry or similarly restricted activity. Such annexation or other addition may be taxed and assessed as a special betterment, if included in the enumeration in subsection (e).

(e) Special betterments, whether or not also considered to be improvements, shall include and be limited to the following:

(1) Bridges, wharves, or piers;

(2) Mains, pipes, and tanks, used for conducting steam, heat, water, oil or gas, not used in a manufacturing, assembling, processing or refining operation;

(3) Railroad sidings, roads, walkways and parking areas;

(4) Fences and yard lighting;

(5) Storage tanks;

(6) Sewer systems including piping, separators, septic tanks and waste treatment systems; water systems, in-

cluding cooling and drinking water lines, both above and below ground;

(7) Poles, towers, wires and cable, for distribution of electrical energy either above or below ground, not used in a manufacturing, assembling, processing or refining operation;

(8) Poles, wires, cable and conduit for distribution of telephone communication services either above or below ground;

(9) Fire protection systems, including all facilities which are components of the fire protection systems;

(10) Racetracks, stadiums and airports; .

(11) Bank vaults and bank teller windows; and

(12) Outdoor motion picture theaters."

The amendment deleted the second paragraph of the former § 8102, leaving the first paragraph unchanged.

Because the amendment took effect on March 30, 1976, during the period covered by the supplemental assessment now under review, an examination of both the former and the amended versions of the statutes is required.

■ Under the amended version of §§ 8101 and 8102, it is clear that appellant's television cable is not "real property" for assessment purposes. Section 8101(b) divides all real property into four categories—land, buildings, improvements, and special betterments. Section 8101(d) states that any annexation to land other than buildings, and any annexation to buildings or improvements, "to the extent [that the] use [of such annexation] is limited primarily to a particular trade, business, occupation, profession, industry or similarly restricted activity", is excluded from assessment as land, buildings or improvements. Such an annexation must be assessed and taxed, if at all, as a special betterment, which is a term specifically limited to

those items enumerated in 9 Del.C. § 8101(e).

Since television cable is an annexation limited in its use to a particular business, and since it is not listed in § 8101(e) as a special betterment, it is not "real property" within the definitions in the amended § 8101.

The Court must therefore focus its attention of the former versions of §§ 8101 and 8102, which control the question of whether appellant's television cable was real property for the period from July 1, 1975 to March 29, 1976. The former § 8101 does not include a definition of real property. And § 8102 merely excludes "personal property" from taxation, adding that § 8102 "shall not be construed as having any effect upon lands held under lease . . . or upon any poles or wires maintained thereon other than for enclosing lands."

■ The County argues that this section excludes from the personal property exemption all "poles or wires". However, the exclusion extends only to poles and wires maintained on lands held under lease. It is not at all clear what portion of appellant's cable is so maintained. It is even more unclear what the General Assembly had in mind when it enacted the former § 8102. Because the section provides no assistance, then, the Court must proceed, as it did in *Wilmington Suburban Water Corp. v. Board of Assessment,* Del.Super., 291 A.2d 293 (1972), to an analysis of whether the property in question constitutes "real property" within the meaning ascribed to that term by the common law.

The parties agree that, under a common law analysis, the key question in determining whether appellant's television cable is real property is that of whether the cable is a fixture under common law principles. The term "fixture" was defined by this Court in *Warrington v. Hignutt,* Del. Super., 3 Terry 274, 42 Del. 274, 31 A.2d 480, 481 (1943):

"A fixture is an article which, though originally a chattel, is, by reason of its

annexation, regarded as a part of the land, partaking of the character of realty and, ordinarily, belonging to the owner of the land."

The controlling factor in determining whether a chattel has been annexed to realty so as to become a fixture is the intention of the party making the annexation. *Wilmington Housing Authority v. Parcel of Land,* Del.Supr., 219 A.2d 148 (1966); *Della Corporation v. Diamond,* Del.Supr., 8 Story 465, 58 Del. 465, 210 A. 2d 847 (1965); *Wilmington Suburban Water Corp. v. Board of Assessment,* supra at 296. "The true test", said the Court in *Wilmington Housing Authority,* supra, is whether "the chattel was affixed to the realty for a temporary or a permanent purpose".

Appellant argues that several facts concerning its television cable indicate a lack of any permanent purpose in annexing the cable to realty. First, it is argued that it is likely that advancing technology in the field will make the presently available types of cable obsolete in a relatively short time. In view of such contemplated obsolescence, the argument goes, how can any permanence be intended? This argument is too speculative to be given much weight. It is just as likely that present-day heating and energy systems will soon become obsolete; yet such systems, once annexed to realty, are universally considered to be fixtures.

The second argument raised by appellant is more persuasive. Much of the realty to which the television cable is annexed is made up of telephone and electrical poles owned by Diamond State Telephone Company and Delmarva Power and Light Company. Space on these poles is leased from the owners by appellant under agreements which permit the owners to require appellant to remove the television cable if the space is needed for the owners' own service needs. In addition, Diamond State or Delmarva Power may require appellant to remove the cable from their poles for any reason at all, at the removal rate of 10 per cent per year.

Given these circumstances, it is difficult to say that appellant's television cable was annexed to realty with sufficient permanence to make it a fixture. Since it is not a fixture, the cable is not real property within the meaning of 9 Del.C. § 8101, even in its pre-amendment form.

Even if appellant's television cable were viewed as taxable real property, the supplemental assessment would be invalid because of the County's failure to meet the statutory requirements. The County admits that it failed to comply with the applicable statutory provisions in four respects; (1) it failed to give the taxpayer ten days' notice as required by 9 Del.C. § 8321; (2) it failed to mail notice of the supplemental assessment to the owner of the property as required by 9 Del.C. § 8342(a) (notice was mailed to Rollins, Inc., a separate, well-known corporation, rather than to Rollins Cablevue, Inc.); (3) it failed to certify the first supplemental assessment roll on July 1 to the County Council, as required by 9 Del.C. § 8339(a); and (4) it failed to publish notice of the assessment as required by 9 Del.C. § 8342. The County contends that these omissions do not invalidate the assessment because the statutory provisions are merely directory and not mandatory. The Court finds, however, that statutory notice requirements are, in accordance with the generally accepted rule, mandatory in nature. 72 Am.Jur.2d, *State and Local Taxation,* § 823 (1974); 24 A.L.R. 331, 352. In the absence of compliance with such requirements, the assessment must be stricken as invalid.

Having found that the County could not, and in any event did not, validly assess and tax appellant's television cable as real property, the Court does not reach the question of the proper value to be assigned to the cable.

The decision of the Board of Assessment Review is reversed.