**RODNEY SQUARE INVESTORS, L. P., Appellant,**

v.

**BOARD OF ASSESSMENT REVIEW OF NEW CASTLE COUNTY and Joseph B. Leavy, Fletcher Campbell, John Ryan, Oliver Fonville, Gertrude S. Harrison, Anthony Swarbrick and Catherine J. Mancini, individually as members of the Board of Assessment Review of New Castle County, Appellees.**

Superior Court of Delaware, New Castle County.

Submitted Feb. 11, 1982.

Decided May 27, 1982.

Howard M. Handelman of Bayard, Brill & Handelman, Wilmington, for appellant.

Dennis J. Siebold of New Castle County Dept. of Law, Wilmington, for appellees.

LONGOBARDI, Vice Chancellor *.

This is an appeal from a decision of the Board of Assessment Review concerning a quarterly supplemental assessment effective January 1, 1981. Appellant contends that this supplemental assessment is void because the property could not be validly assessed during the time it was owned by the United States and thereby could not be placed on the supplemental assessment roll for the sole purpose of the removal of the governmental exemption, and the County did not comply with the statutory ten days notice of a new assessment. If the supplemental assessment is not void, Appellant alternatively argues that it has a statutory

---

* By special assignment to the Superior Court pursuant to the *Del.Const.* Art. IV § 13(2).

and constitutional right to be heard on the amount of this supplemental assessment.

■ The decision of the Board is *prima facie* correct and the burden of proof is on the Appellant to show that the Board acted contrary to law, fraudulently, arbitrarily or capriciously. 9 *Del.C.* § 8312(c); *Fitzsimmons v. McCorkle*, Del.Supr., 214 A.2d 334 (1965).

The property in question is the site of the old Post Office building on the north side of Rodney Square, Wilmington. The United States government owned this property for over forty years when it sold the property in a sealed bid auction in September, 1980, to Appellant Rodney Square Investors, L. P. ("RSI"). As a result of the Post Office building being placed on the National Historical Register in January, 1979, the deed for this property is burdened by a significant restriction to its use.

While this property was owned by the United States government, it was exempt from "taxation and assessment" by the County. 9 *Del.C.* § 8103.[1] After the property was conveyed to RSI, the parcel came onto the tax rolls for the first time on January 1, 1981. On December 27, 1980, a Supplemental Assessment Notice was mailed to RSI informing it that effective January 1, 1981, the assessment of the property would be $3,046,700. A subsequent tax bill for the third quarter of the 1980–1981 fiscal year was computed based on this assessment. This supplemental assessment was appealed to the New Castle County Board of Assessment Review. RSI challenged the amount of the supplemental assessment and claimed that the County failed to comply with the statutory requirement of giving ten days notice of the supplemental assessment.[2] After a full hearing on this issue, the Board rejected these arguments holding that the sole reason the property was on the supplemental assessment roll was for the removal of the exemption and that RSI was limited to challenging that removal and could not question the amount of the assessment. The Board also found that RSI had been given adequate notice of the supplemental assessment. Accordingly, the Board continued the supplemental assessment as of January 1, 1981, at $3,046,700.

The County has an express grant of authority to tax real property under 9 *Del.C.* § 8101 which provides: "All real property situated in this State shall be liable to taxation and assessment for public purposes by the county in which the property is located, except as otherwise provided in this chapter." One of the exceptions "provided in this chapter" which limits this general grant of authority is the previously mentioned exemption of United States property from "taxation and assessment." 9 *Del.C.* § 8103. The County is left, therefore, with no express authority to assess United States property.

■ Basically, the County argues that "assessment" refers only to the general "valuation" of property. Two rules of statutory construction are pertinent here. First, in ascertaining the intention of the Legislature, all parts of the statute are to be read together to find the intention as to

---

1. Title 9, Section 8103 of the *Delaware Code* reads in pertinent part: "Property belonging to ... the United States ... and held for public use, ... and not held by way of investment, except as otherwise provided, shall not be liable to taxation and assessment for public purposes by a county ...."

2. Title 9, Section 8321 of the *Delaware Code* provides:

    Whenever the board of assessment or Department of Finance shall propose to alter or change any assessment by increasing the same, or make a new assessment other than a general or annual assessment, it shall, before such alteration, change or new assessment is made, give 10 days notice in writing to the owner of the property affected thereby, and if such owner cannot be found within the county by reasonable inquiry, then to the person in possession of the property, or to the person in whose custody the same may be, or if it be land, and no one shall be in the apparent occupancy thereof, then such notice shall be posted on the land.

any one part and all parts are to be reconciled and harmonized if possible. Every sentence, phrase or word will, if possible, be given weight and consideration. Second, in constructing a statute, the Court's objective is to render a sensible and practicable meaning, not an absurd or unreasonable result. *Asplundh Tree Expert Co. v. Clark*, Del.Super., 369 A.2d 1084 (1975).

Chapters 13, 81 and 83 of Title 9 provide in much detail for the valuation and assessment of property. In the context of these statutes, it is clear that the Legislature did not intend for "valuation" and "assessment" to be synonymous.[3] Just as the terms "assessment" and "taxation" were found in *Mayor and Council v. Riverview Cemetery Co.*, Del.Super., 190 A. 111, 114 (1937), to have distinct meanings so do "assessment" and "valuation." When reading Chapters 13, 81 and 83 of Title 9, it becomes obvious that not all valued property is assessable and not all assessed property is taxed. Nonprofit Housing for the Elderly, for instance, is exempt from valuation but it may be assessed, nevertheless, "in the same manner as other properties which are taxable are assessed." 9 *Del.C.* § 8155. The statute does not "otherwise provide" for assessment of property belonging to the United States. Thus, the questioned property had been valued in the past[4] but had never been legally assessed at the time of the sale of the property to RSI. This supplemental assessment is, therefore, a new assessment.

■ The Court turns now to the statutory notice requirement for supplemental assessments which are new assessments. The County acknowledges that the notice requirements regarding supplemental assessments are mandatory, not merely directory, and, where applicable, they must be met or the supplemental assessment will be stricken as void. *Rollins Cablevue, Inc. v. McMahon*, Del.Super., 361 A.2d 243 (1976), *aff'd*, Del.Supr., 382 A.2d 250 (1977). The only issue before the Court is which notice statute applies, 9 *Del.C.* § 8321 or 9 *Del.C.* § 8342(a).[5]

The County maintains that the two sections are irreconcilable and that, therefore, the later enacted statute, § 8342(a), prevails with § 8321 being impliedly repealed. The Appellant, however, contends that the two sections are not in conflict and that, under the circumstances of this case, § 8321 is applicable.

■ A Supplemental Assessment Notice was sent to the Appellant in compliance with 9 *Del.C.* § 8342. If the County had been simply removing a general exemption on property which had been previously assessed, *i.e.*, Nonprofit Housing for the Elderly, 9 *Del.C.* § 8155, then this notice may

---

3. All of Chapter 83 of Title 9 of the *Delaware Code* deals with "Valuation and Assessment of Property."
Title 9, Section 8302 of the *Delaware Code* refers to the revising of "all valuations and assessments of assessable property."
Title 9, Section 8303 of the *Delaware Code* refers to a listing of "the value of the property and amount of each owner's assessment."
Title 9, Section 8325 of the *Delaware Code* refers to a "report of the total valuation and assessment."

4. The valuation is made for various reasons including the Director of Finance's compliance with the statutory requirement of 9 *Del.C.* § 1308(b) which states that the Director "shall certify to the county government the total value of all property in the County and the total value of all property which has been assessed and is subject to taxation."

5. See n. 2 for 9 *Del.C.* § 8321.
Title 9, Section 8342(a) of the *Delaware Code* reads:
§ 8342. Notice required under supplemental assessment procedure.
(a) Whenever the board of assessment or department of finance places a property on a supplemental assessment roll, it shall deposit notice thereof in the regular mail addressed to the owner of the property affected thereby at the address shown on the assessment rolls, or if the address of such owner does not appear on the assessment roll, then to the person occupying the property, or if there is no apparent occupant such notice shall be posted on the land. Such notice shall be given no later than the date on which the supplemental assessment roll on which the property appears is certified to the respective county government."

have been adequate. However, under the present facts, the County was removing an exemption on property belonging to the United States which, as previously decided, could never have been legally assessed. Therefore, the removal of the governmental exemption resulted in the necessity of a new assessment. Title 9 of the *Delaware Code*, Section 8321 specifically governs the statutory notice requirements when making "a new assessment other than a general or annual assessment." The County admits it did not comply with the statutory requirement for giving ten days notice. Accordingly, the supplemental assessment is void under *Rollins Cablevue, Inc. v. McMahon, supra.*

IT IS SO ORDERED.