# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PREFFERED FINANCIAL SERVICES INC.,

    Plaintiff,

    v.

A&R BAIL BONDS, LLC, and RODNEY BURNS

    Defendants.

C.A. No.: N19C-05-335 SKR

## <u>MEMORANDUM ORDER</u>

This 3rd day of June, 2020, upon consideration of Defendant's Motion to Dismiss pursuant to Superior Court Civil Rule 12(b)(6) (the "Motion"),[1] Plaintiff's Response,[2] the Superior Court's decision and the Supreme Court's affirmance in *Preferred Financial Services, Inc. v. A & R Bail Bonds LLC, et al.,*[3] ("*Preferred I*"), and oral arguments on the Motion, it appears to the Court that:

1. The standard by which this Court reviews a motion to dismiss, pursuant to Superior Court Civil Rule 12(b)(6), is well-established. The Court must accept as true all well-pleaded allegations;[4] however, only claims that are "clearly without merit" will be dismissed.[5] Further, a motion to dismiss shall be denied "unless the

---

[1] Trans. ID 63617369.
[2] Trans. ID 64373859.
[3] 2018 WL 587023 (Del. Super. Jan. 26, 2018), *aff'd*, 217 A.3d 60 (Del. 2019).
[4] *Janeve Co., Inc. v. City of Wilmington*, 2009 WL 1482230 at *1 (Del. Super. May 7, 2009).
[5] *Id.*

plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[6]

2. Defendant contends that the doctrines of *res judicata* and collateral estoppel preclude Plaintiff from bringing this action because issues that would dispose of this case, have previously been adjudicated in *Preferred I*.

**Res Judicata**

3. *Res judicata* will preclude a plaintiff's claim where the following elements are met:

> (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; (5) the decree in the prior action was a final decree.[7]

4. The parties dispute whether element (3) above is met; whether the Plaintiff actually brought, or should have brought, the claims that are now in front of the Court in the previous action.[8] Under Delaware law, to assert *res judicata* as a bar to a plaintiff's claim, in addition to showing that the same transaction formed the basis for both the present and former suits, the defendant must show that the plaintiff

---

[6] *Id.*
[7] *LaPoint v. AmerisourceBergen Corp.*, 2009 WL 623288, at *4 (Del. Mar.12, 2009)
[8] *Kossol v. Ashton Condominium Ass'n, Inc.*, 637 A.2d 827 (Del. 1994).

"neglected or failed to assert claims which in fairness should have been asserted in the first action."[9]

5. The Court finds that *Preferred I* and this action arise out of the same transaction, but that Plaintiff did not neglect or fail to assert the claims that are now before the Court. The previous action was strictly a confession of judgment action, meaning that Plaintiff could not append additional claims in that action. Therefore, Plaintiff's claims are not barred by *res judicata,* because he did not have an opportunity to litigate these claims in the earlier action.

**Collateral estoppel**

6. Collateral estoppel applies where:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[10]

7. Defendant's Motion asserts that *Preferred I* decided the issue of whether Plaintiff and Defendant entered into their Business Loan Agreement in *pari delicto*[11] to illegally circumvent a Delaware statute. The Court resolved that issue in the

---

[9] *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185 (Del. 2009).
[10] *Betts v. Townsends, Inc.*, 765 A.2d 531, 535 (Del.2000).
[11] Latin phrase meaning "in equal fault."

affirmative and, hence, found the Agreement to be void. According to Defendant, that decision was case- dispositive and precludes Plaintiff from bringing this action.

8. In *Preferred I*, Defendant challenged Plaintiff's confession of judgment and argued that it could not be enforced, because the Business Loan Agreement that contained the confession of judgment clause violated Delaware law. After an extensive evidentiary hearing where both Plaintiff and Defendant testified, a Delaware Superior Court Commissioner found that the contract was unenforceable because it violated Delaware law. The Commissioner ruled that she would leave the parties where she found them, because the parties were equally culpable in conspiring to violate the law. That decision was approved and adopted by this Court (the "Decision").

9. The issue raised and addressed in the Decision is identical to an issue now before the Court. In order for the Plaintiff to obtain relief under its current claims, i.e. quantum meruit, unjust enrichment, promissory estoppel, it has the burden to show that it was not equally in the wrong with Defendant in making the illegal agreement.[12] There are no new factual circumstances in this case that were not before the Court in *Preferred I*. Therefore, the first element of collateral estoppel is

---

[12] *Della Corp. v. Diamond*, 210 A.2d 847, 469 (Del. 1965) ("[I]t is against the public policy of this State to permit its courts to enforce an illegal contract prohibited by law. Ordinarily, we think, when such is the fact, neither party has a remedy to any extent against the other").

4

met because the issue before the Court in *Preferred I* was identical to the issue before the Court in this action.

10. The remaining elements of collateral estoppel are also satisfied. The Court's decision in *Preferred I* was a final judgment on the merits and has been affirmed by the Supreme Court. In addition, Plaintiff was a party to the previous action and had a full and fair chance to litigate the legality of its conduct in making the Business Loan Agreement with Defendant. Because that issue is dispositive of the claims asserted in the current action, Plaintiff's current action is barred under the doctrine of collateral estoppel.

11. For the foregoing reasons, Defendant's Motion to Dismiss is hereby **GRANTED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Cc:   Brian Jordan, Esq., Wilmington, DE
       Sean O'Kelly, Esq., Wilmington, DE