COUNCIL 81, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, et al., Plaintiffs, and

Federation of Delaware Teachers, an unincorporated association, et al., Intervening Plaintiffs,

v.

The STATE of Delaware, DEPARTMENT OF FINANCE, and William Bradford, Jr., Defendants.

Supreme Court of Delaware.

May 10, 1972.

Harvey B. Rubenstein, Wilmington, for plaintiffs.

Clifford B. Hearn, Jr., Wilmington, for intervening plaintiffs.

Richard S. Gebelein, Deputy Atty. Gen., Wilmington, for defendants.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

This is an action for a declaratory judgment and other relief, by certain State em-

ployees and employee groups against the State Department of Finance and its Secretary, seeking an interpretation of 29 Del.C. § 2713 [1] to determine when the payment of salaries to State employees may be made.[2]

I.

The stipulated factual situation is as follows:

On January 6, 1972, the Attorney General of Delaware rendered to the Department of Finance an opinion interpreting 29 Del.C. § 2713 so as to require the payment of salaries to State employees no earlier than the first day of a calendar month for the period from the 16th day of the preceding calendar month to the last day of that month, and no earlier than the 16th day of a calendar month for the period from the first day of that month to the 15th day of that month.

On February 11, 1972, the defendants announced that effective February 16, 1972, in accordance with the Attorney General's opinion, the salaries of State employees will be paid no earlier than the first day of a calendar month for the period from the 16th day of the preceding calendar month to the last day of that month, and no earlier than the 16th day of a calendar month for the period from the first day of that month to the 15th day of that month.

Since 1955, under 29 Del.C. § 2713, the salaries of most State employees were paid on the 15th day of a calendar month for the period from the first day of that month to the 15th day of that month, and on the last day of a calendar month for the period

---

1. 29 Del.C. § 2713 (enacted in 1955) provides as follows:

"§ 2713. Method of payment of state officials and employees

"The salaries of State officials and employees shall be paid semi-monthly, the first payment to be made on or before the fifteenth day of each calendar month by the payment of one-half of the statutory or stipulated monthly salary or one-twenty-fourth of the statutory or stipulated annual salary, for the period from the sixteenth day of the preceding calen-

dar month to the last day of the preceding calendar month; and the second payment to be made on or before the last day of each calendar month by the payment of the remaining one-half of statutory or stipulated monthly salary or one-twenty-fourth of the statutory or stipulated annual salary, for the period from the first day of each calendar month to the fifteenth day of each calendar month."

2. For opinion below on motion for preliminary injunction, see 288 A.2d 453.

from the 16th day of that month to the last day of that month; and if the day for payment was a Saturday or Sunday or holiday or, in the case of teachers, during the Christmas or Easter holiday, then payment was made on the last work day preceding that day or holiday. Upon the basis of the Attorney General's opinion, the defendants have refused, and continue to refuse, to make payment as heretofore, and, as a result, the salaries of State employees now will be paid one day later than heretofore and, when a Saturday or Sunday or holiday or, in the case of teachers, the Christmas or Easter holiday, intervenes, several days or more later than heretofore.

## II.

The following questions were certified by the Chancery Court and accepted by this Court:

(1) Under 29 Del.C. § 2713, is the first day of each calendar month the earliest day on which payment can be made to State employees for the period from the 16th day of the preceding calendar month to the last day of that month?

(2) If the answer to Question 1 is in the affirmative, is the first day of each calendar month the earliest day on which payment can be made to State employees if that date falls on a Saturday, Sunday or holiday established by law or contract?

(3) Under 29 Del.C. § 2713, is the 16th day of each calendar month the earliest day on which payment can be made to State employees for the period from the first day of that month to the 15th day of that month?

(4) If the answer to Question 3 is in the affirmative, is the 16th day of each calendar month the earliest day on which payment can be made to State employees if that date falls on a Saturday, Sunday or holiday established by law or contract?

(5) Under 29 Del.C. § 2713, what are the limits of the defendants' discretion

with regard to dates and methods of payment?

## III.

The threshold question is whether, as defendants contend, § 2713 is so clear and unambiguous on its face as to leave no room for judicial interpretation.

Obviously, that is not the case. The language of § 2713 is made obscure, to say the least, by the use of the term "on or before" in the context of the semi-monthly "first payment" and "second payment" references. Is the "on or before" term so circumscribed by the "payment" provisions as to amount, in plain language, to the mandate for which the defendants contend: no salary may be paid to a State employee within the period for which it was earned? Or must the "payment" provisions be read in the light of the "on or before" provisions so as to give the latter term predominance? and, if so, does the term "on or before" mean simply an unrestricted "not later than", or something more complex, like "on or about but not later than"? Either of these concepts is a reasonably possible reading of the Statute; and this equates ambiguity.

The existence of significant ambiguity in § 2713 is manifested, as a matter of fact, by the doubts of the defendant State officials as to its meaning, expressed for the first time in 1972 after the Statute had been in operation, and administrative policy and practice thereunder had been settled, for almost 17 years.

We are faced with an ambiguous Statute. A proper case for statutory construction is presented.

## IV.

The plaintiffs invoke certain well-settled rules of statutory construction: an ambiguous statute must be read in the light of pre-existing law on the subject; amend-

ment of an established statutory concept will not be judicially implied; and prior law will not be deemed changed by construction of a later statute unless there is "irreconcilable inconsistency" between the two. See State for use of Davis v. Adams, Del. Super., 27 A.2d 401 (1942).

█ The legislative background of § 2713 is an aid in determining legislative intent:

In the Code of 1852 (Chapter 25), the only statutory provision as to State salaries seemed to be a requirement that certain State officials be paid "quarterly". By 21 Del.Laws, Ch. 47 (1898), such "quarterly" payment of salaries was re-asserted. In the Code of 1915 (§ 398), quarterly payment of all salaries was directed "except where otherwise provided herein". The Code of 1915 was amended by 40 Del.Laws, Ch. 80 (1935) which provided:

> "The salaries of State officials and employees shall be paid monthly on or before the last day of each calendar month by the payment of the statutory or stipulated monthly salary, or one-twelfth of the statutory or stipulated annual salary."

The latter provision was carried into the 1935 Code as § 372; and this was the direct progenitor of § 2713, enacted as 50 Del. Laws, Ch. 461 (1955) under the title: "An Act To Amend Chapter 27, Title 29, Delaware Code, Relating To The 'State Treasurer', By Providing That The Salaries Of State Officials And Employees Be Paid Semi-Monthly".

From the foregoing statutory evolution of § 2713, two significant indicators stand out: (1) Nowhere is there any indication of a legislative intent to prevent the payment of salaries during the period in which services were rendered; indeed, to the contrary, except for the "quarterly" and "semi-monthly" specifications in the various Statutes, the General Assembly gave wide discretion to the Executive Branch, from 1852

on, in the matter of the time and method of payment of State salaries; and (2) in the enactment of § 2713, there is no indication in its title, often a valuable aid in the ascertainment of legislative intent, of any intent to change the time for payment except from a monthly to a semi-monthly basis.

We thus conclude from the statutory evolution of § 2713 that the General Assembly did not intend thereby to ban payment of salaries during the period in which they were earned. If that had been the intent, the Legislature could have, and in our opinion would have, simply specified in § 2713 the earliest date for the payment of salary for any specified pay period, instead of repeating the "on or before" language, carried over from the preceding 1935 Code § 372, which has created the ambiguity.

On the basis of the legislative history of § 2713, we are of the opinion that the term "on or before", as used in the context of this Statute, means merely "not later than". Otherwise stated, we think that the "on or before" in § 2713 sets the *latest* date by which the State must pay salary for the specified pay period,[3] but not the *earliest* date for any such payment.

Applying that construction, § 2713 reads as follows: There shall be semi-monthly payments of salaries; one pay shall be made "not later than" the 15th day of each month for the period from the 16th day to the last day of the preceding month; and another pay shall be made "not later than" the last day of each month for the period from the first to the 15th of that month. Such construction fits easily and naturally into both the terminology and the history of § 2713; it does not require the strain on language and sentence structure required by the defendants' version of the Statute.

The meaning thus found also has the support and confirmation of 17 years of State practice and policy under this very

---

3. This would seem to give to the State the authority to postpone payment of salary for one pay period, continuously from time to time, as is sometimes the practice in business and industry.

Statute. Our interpretation fits the State's practices and policies under § 2713 from the time of its enactment in 1955 until its meaning was first drawn into question by the defendants in 1972. It is stipulated that throughout that long period of the administration of § 2713 by various State officials, there was no "earliest" date deemed specified by the Statute for the payment of salary for an immediately preceding period. From 1955 to the raising of this question in 1972, according to the stipulation of facts, State salaries have been paid within the pay period generally and, specifically, on the last working day before any pay day falling on or during a weekend or holiday.

In seeking the legislative intent, we give due weight to the practices and policies existing at the time § 2713 was enacted and which continued thereafter for 17 years. A long-standing, practical, and plausible administrative interpretation of a statute of doubtful meaning will be accepted by this Court as indicative of legislative intent. State ex rel. Zebley v. Mayor and Council of Wilmington, Del.Supr., 163 A. 2d 258 (1960).

Thus, we find that both legislative history and long-standing administrative interpretation support the conclusions we reach here.

## V.

The plaintiffs contend that the defendants are "estopped from repudiating the prior payment method upon which * * * [they] have relied to their detriment."

We do not reach this point under the certification.

## VI.

Accordingly, Certified Questions 1 and 3 are answered as follows:

*Question 1*: Under 29 Del.C. § 2713, the first day of each calendar month is not the earliest day on which payment can be made to State employees for the period from the 16th day of the preceding calendar month to the last day of that month.

*Question 3*: Under 29 Del.C. § 2713, the 16th day of each calendar month is not the earliest day on which payment can be made to State employees for the period from the first day of that month to the 15th day of that month.

In view of the foregoing, Questions 2 and 4 become academic.

## VII.

This leaves Question 5 which is as follows:

"Under 29 Del.C. § 2713, what are the limits of the defendants' discretion with regard to dates and methods of payment?"

For the reasons hereinabove stated, we hold that the State has broad discretion, under § 2713, as to how *early* it may pay salaries for a specified pay period. That discretion, in our opinion, is subject only to the standards of a reasonable and prudent business judgment. In the absence of any statutory limitation upon the earliest date, the reasonably-prudent-businessman standard, usually applied in the measurement of other fiduciary obligations, is the best available general guideline for the exercise of the discretion of public officials in this connection. The facts and circumstances of each case will govern in the application of that standard.

As to the *latest* date for payment of salaries, the discretion of the defendants is limited by § 2713, itself, as hereinabove stated.