**Roger P. ROY, Christopher Moffett, James Ricchiuti and Edward R. Peletski, Plaintiffs,**

v.

**Maurice F. WILLIAMS and Jerold S. Gold, Defendants.**

Supreme Court of Delaware.

Submitted Nov. 16, 1977.

Decided Jan. 23, 1978.

---

---

Richard Allen Paul, of Paul, Lukoff & Hurley, Wilmington, for plaintiffs.

Jeffrey S. Goddess, City Sol., and Robert D. Goldberg, First Asst. City Sol., Wilmington, for defendants.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

This certification questions the constitutionality of the Municipal User Tax Act, 22 *Del.C.* Ch. 9,[1] authorizing any municipality in this State with a population in excess of 50,000 persons to levy a wage tax.

I.

The certification arises from a declaratory judgment action in the Court of Chancery. Under the Municipal User Tax Act, the City of Wilmington adopted an ordinance providing for a wage tax. The plaintiffs, nonresidents of the City who work in Wilmington, brought a class action on behalf of themselves and others similarly situated to have the tax declared unconstitutional. The defendants are officials of the City of Wilmington.

The Trial Court certified,[2] and this Court accepted, the following three questions:

"I. Is Chapter 9, Title 22, Del.Code unconstitutional if the General Assembly did not comply with Article IX, Sec. 1[3] of the Constitution of this State in its enactment?

"II. Do Chapter 8, Title 22, Del.Code and Section 1–101 of the Charter of the City of Wilmington authorize the city of Wilmington to adopt an ordinance providing for a wage tax?

1. 22 *Del.C.* Ch. 9 provides in part:

"§ 901. Authority to levy, assess and collect tax.

"Any municipality of this State with a population in excess of 50,000 persons is hereby authorized to levy, assess and collect a tax for general revenue purposes on earned income of its residents and on any income earned within the city by persons not residing within such city but engaged or employed in any business, profession or occupation within such city."

"§ 902. Limitations.

"Any tax assessed within the provisions of this tax shall not exceed 1.25 percent of the income of residents of such city per annum and 1.25 percent of the income of nonresidents earned within the city per annum."

"§ 903. Income; definition.

"'Income' means the total income from whatever source earned by any resident of such city and the total income earned within such city by any nonresident of the city."

2. Supreme Court Rule 20(1) provides:

"The Court of Chancery or the Superior Court may, on petition or on its own motion, certify to this Court for its decision a question or questions of law arising in any cause before it prior to the entry of final judgment therein whenever there are important and urgent reasons for an immediate determination of such question or questions by this Court."

3. *Del.Const.* Art. IX, § 1 provides in pertinent part:

"No general incorporation law, nor any special act of incorporation, shall be enacted without the concurrence of two-thirds of all the members elected to each House of the General Assembly."

"III. If the ordinance adopting the Wilmington wage tax is held to be invalid, should the city of Wilmington be compelled to refund the money which it has collected from the tax?"

## II.

Question No. 1 arises from the plaintiffs' contention that 22 *Del.C.* Ch. 9 (hereinafter "The Act") is a special act of incorporation because it amends the Charter of the City of Wilmington and, therefore, required a two-thirds vote of the General Assembly under *Del.Const.* Art. IX, § 1 which, it is asserted, the Act did not receive. The City of Wilmington argues in response: (1) the Act is general law that could be validly enacted by a simple majority vote; but, in any event, (2) the Act meets the requirements of Art. IX, § 1 in that the 1974 Delaware Code, of which the Act is a component, was enacted by a three-fourths vote of the General Assembly.

Question No. 2 arises from the alternate contention of the City that, should the Act be found to be a special act of incorporation which did not receive a two-thirds vote of the Legislature, the City's wage tax is valid, nevertheless, because the Home Rule Act, 22 *Del.C.* Ch. 8, and the Wilmington City Charter provide authority for the tax, independent of the Act. As will be seen, we do not reach this Question.

## A.

The solution to the problem requires a tracing of the legislative history of the Act.

The Act was originally adopted in 1969 by a majority vote of the General Assembly, and was expressly limited to the fiscal years 1969–70 and 1970–71. 57 *Del.L.* Ch. 11. In 1971 and again in 1973, renewals of the Act, also adopted by only a majority vote, each extended the effective period of the Act for an additional 2 year period—i. e., until June 30, 1975. 58 *Del.L.* Ch. 14; 59 *Del.L.* Ch. 121.

Effective May 13, 1975, the 1974 Revised Delaware Code was enacted by a three-fourths vote of the General Assembly. 60 *Del.L.* Ch. 56. The Act, as set forth in the 1974 Code (Title 22, Ch. 9), contains substantially the same provisions as were included in the 1969, 1971, and 1973 Statutes regarding: authority to levy, assess, and collect the tax, § 901; limitations on rate, § 902; the definition of income, § 903; promulgation and enforcement of regulations, § 904; suit to collect the tax, § 905; and collection and enforcement, § 906. However, the Statute enacted as part of the 1974 Code did not include earlier provisions concerning severability and, for the first time, the Statute omitted any reference to an effective period or termination date, thereby extending the life of the Act indefinitely.

Notwithstanding that the 1974 Code was enacted and approved in May, 1975, the General Assembly, by majority vote, enacted 60 *Del.L.* Ch. 116, effective June 23, 1975, providing in its entirety:

"Section 908 of Chapter 14, Volume 58, Laws of Delaware, as amended by Chapter 121, Volume 59, Laws of Delaware, is hereby repealed."

Section 908, as amended, had carried the effective period of the Act to June 30, 1975.

## B.

Upon the basis of the foregoing, it is contended by the City that since May 1975, when the 1974 Code was enacted, the Act which was a part of the Code has had the approval of three-fourths of each House of the General Assembly; that, therefore, the Act is immune to any constitutional attack under the two-thirds vote provision of Art. IX, § 1.

The plaintiffs make three arguments against this contention: First, they say that the 1974 Code is not "really a re-enactment of the entire body of law but rather a simple revision" so that the two-thirds vote requirement of Art. IX, § 1 for special acts of incorporation has not been met. In support of this position, they point to 1 *Del.C.* § 102 ("This Code became effective February 12, 1953") which, they assert, "tells the entire story". Secondly, plaintiffs contend

that 1 *Del.C.* § 105[4] expressly exempted special legislation affecting the City of Wilmington from the coverage of the new Code. Finally, they argue that the June 1975 Statute (60 *Del.L.* Ch. 116), being the latest Statute, was the controlling legislation which could not be effected by the earlier 1974 Code enactment; that because 60 *Del.L.* Ch. 116 was a special act of incorporation and only passed by a majority vote, it is invalid under Art. IX, § 1.

### C.

In view of the foregoing legislative history of the Act, we find the plaintiffs' arguments to be without merit.

■ By express provision of the Code Enactment Statute (60 *Del.L.* Ch. 56, § 1), concededly adopted by three-fourths vote,[5] "[a]ll laws of the State of Delaware enacted by the General Assembly appearing in the Delaware Code Annotated, Revised 1974, attached hereto and by this reference incorporated herein, are hereby adopted and enacted as the general and permanent law of the State of Delaware." The purpose and effect of that language could not be clearer: the 1974 Code became the positive law of this State, as had the 1953 Code before it. *Monacelli v. Grimes*, Del.Supr., 99 A.2d 255 (1953). As this Court said in *Monacelli*, in rejecting the argument that the 1953 Code was not a re-enactment and thus not the law of this State:

> "To accept this contention would be to reduce the Code to a mere compilation of prior statutes, having no force as law except as each section might conform to the substance of its predecessor. The principal legislative purpose would thus be defeated, since the intent to enact the Code as positive law is beyond question." 99 A.2d at 264.

Accordingly, we find no merit in the contention that the Title 22, Ch. 9 provisions of the 1974 Code were merely revision and not re-enactment of the Act.

Nor are the plaintiffs helped by the obviously inadvertent reference in 1 *Del.C.* § 102 of the bound volume of the Code stating that "[t]his Code became effective February 12, 1953". As indicated in the pocket part, 1 *Del.C.* § 102 was amended by the Code Enactment Statute to read: "This Code shall become effective upon enactment".

As a result of the incorporation of the Act into the 1974 Code by approval of three-fourths of the General Assembly, it is manifest that 60 *Del.L.* Ch. 115, the crux of the plaintiffs' position under Art. IX, § 1, was mere surplusage and a nullity, its sole purpose—indefinite extension of the Act—having been accomplished 41 days earlier by the enactment of the 1974 Code. It follows that the manner of the passage of 60 *Del.L.* Ch. 115 is of no consequence in this scrutiny of the validity of the Act.

As a consequence of the conclusion that the governing Act was "adopted and enacted as [part of] the general and permanent law" of the State with the concurrence of three-fourths of the General Assembly, the argument that the Act is a special act of incorporation, requiring a two-thirds vote of the Legislature, becomes irrelevant. Assuming the correctness of the label that plaintiffs seek to place upon it, the Act had the requisite vote under Art. IX, § 1.

■ Finally, we find the plaintiffs' argument that 1 *Del.C.* § 105 exempted the City of Wilmington from the effect of the 1974 Code to be without merit. Section 105 provides:

> "No private act, or act of local application, or portion of any prior Code or other statute pertaining to the City of Wilmin-

---

**4.** 1 *Del.C.* § 105 provides:

"§ 105. Effect on private or local acts.

"No private act, or act of local application, or portion of any prior Code or other statute pertaining to the City of Wilmington, or special act of incorporation, in effect on the date of enactment of this Code, and not revised and brought

into this Code, shall be affected by any provision hereof."

**5.** 60 *Del.L.* Ch. 56 commences:

"BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE (three-fourths of all members elected to each house thereof concurring therein):"

gron, or special act of incorporation, in effect on the date of enactment of this Code, and not revised and brought into this Code, shall be effected by any provision hereof."

Manifestly, the Act was "brought into this Code" and may not be said to have been exempted therefrom.

*   *   *

Accordingly, in response to Question No. 1, we hold that 22 *Del.C.* Ch. 9 is not invalid under *Del.Const.*, Art. IX, § 1. Therefore, the answer to Question No. 1 is in the negative.

In view of our answer to Question No. 1, we do not reach Question No. 2. The argument that the Home Rule Act and the Charter of the City of Wilmington authorize the City to adopt a wage tax was presented as an alternative argument in the event the Act was found constitutionally defective. In view of our conclusion that the Act is valid, we do not reach the City's alternative position.

Obviously, in view of the foregoing, we do not reach Question No. 3.